UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JOSEPH ASH, JUSTIN BOLTON,** and **MATTHEW CRAWFORD** | **CIVIL ACTION NO. 21cv3566** |
| **VERSUS** | **JUDGE JOSEPH** |
| **FLOWERS FOODS, INC. and FLOWERS BAKING COMPANY OF BATON ROUGE, LLC** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**REPLY TO RESPONSE [53] TO MOTION FOR LEAVE
TO FILE SUPPLEMENTAL EXHIBITS [45]**

MAY IT PLEASE THE COURT:

On May 4, 2023, defendants filed a response [53] (the "Response") to plaintiffs' opposed motion for leave to file supplemental exhibits [45]. Plaintiffs now file this Reply to that Response. Plaintiffs have never waived the confidentiality of the arbitrations to which defendants refer. Therefore the Court should *sua sponte* ignore and strike any and all of defendants' references to them.

    **I.**    **Plaintiffs' basis for leave is true, *not* "demonstrably false"**

Plaintiffs' "basis" for the motion to supplement is ***not*** "demonstrably" false. Paragraph 1 of the motion states:

> The basis of Plaintiffs' motion is Defendants' failure to produce the DOL WHD Reports[1] or the Internal Memorandum.[2] Plaintiffs had ***no knowledge of these***

---

[1] "WHISARD Compliance Action Report, DOL Wage and Hour Division, Case Nos. 1794793, 1794794 and 1797727, June 17, 2016, Atlanta GA District Office." (Rec. Doc. 163-1, p. 1, note 1). This version of the reports were filed in the record of *Goro v. Flowers Foods, Inc.,* 2021 WL 5761694 (S.D. Ca. 12/3/21; Rec. Doc. 224) where it was also subject to a motion in limine. Shortly after opposition was filed, the trial was vacated and the matter concluded by settlement (See *Goro* Rec. Docs. 308-321).

[2] The original class action out of which this matter arises was filed in *Antoine Richard, et al v. Flowers Foods, Inc., et al*, USDC/WDLA, Lafayette Division, Civil Action No. 15cv2557 on October 21, 2015. Flowers failed to produce these reports despite interrogatories and requests for production which clearly called for them, Plaintiffs' Interrogatory

1

*documents* until after the deadline for their Oppositions to Summary Judgment. (emphasis added)

[Rec. Doc. 45, p. 1, ¶ 1.

To mislead this Court, defendants argue that this basis is "false", and conveniently substitute in their argument "knowledge of the DOL Investigation"[3] instead of "no knowledge of the *documents*",[4] in the actual basis quoted above. If the plaintiffs had knowledge of "the documents" wouldn't they have used them in the arbitrations? And if plaintiffs had used them in the arbitrations, wouldn't defendants have simply argued that they did? The truth is that simple. If the Court would prefer actual evidence to answer these rhetorical questions, plaintiffs will provide it under seal or other order which preserves confidentiality.

## II.  The DOL Report confirms Flowers' refusal to comply with the FLSA, but has no effect on the MCA exemption.

From plaintiffs' perspective, the DOL report is only relevant based on its factual findings that "[Employer] misclassified Independent Distributors as independent contractors rather than employees"[5] because of "distributors being economically dependent" and therefore "employees of this enterprise".[6] These facts clearly rebut defendant Flowers' contention that it had no reason to believe it had misclassified the deliverymen in connection with the issue of willfulness.

The legal conclusion that the deliverymen were exempt under the MCA is erroneous in the same way as Flowers' argument in support of its motion on the MCA; the FLSA inspector used

---

No. 5 and No. 11. See *Antoine Richard, et al v. Flowers Foods, Inc., et al*, USDC/WDLA, Lafayette Division, Civil Action No. 15cv2557, Interrogatory Numbers 5 and 11 and Request for Production Numbers 2, 18, and 19. Defendant Flowers Baking Company of Tyler, LLC's Responses To Plaintiffs' First Sets of Interrogatories and Requests for Production of Documents dated May 10, 2016 (Interrogatory No. 19 and response thereto; Request for Production of Documents Number 4 and response thereto); also Defendant Flowers Baking Company of Tyler, LLC's Responses To Plaintiffs' First Sets of Interrogatories and Requests for Production of Documents dated September 14, 2016 (Interrogatory No. 19 and response thereto).
[3] Response, Rec. Doc. 53, p. 2.
[4] See Rec. Doc. 45, p. 1, ¶ 1, quoted, *supra*.
[5] See Exhibit 1 to Rec. Doc. 45-1, pp. PLTFS 3212, 3214.
[6] *Id* at p. PLTFS 3223.

only the "interstate commerce" test applicable to "goods" in connection with FLSA coverage.[7] He did not use the appropriate and legally required application of MCA regulations defining the difference between interstate transportation and intrastate distribution under the MCA.[8]

Plaintiffs will not debate the defendants' remaining assertions with respect to the arbitrations or its results except to observe those maters are irrelevant, inadmissible, and confidential and should be *sua sponte* ignored or stricken from the record by this Court.

Finally, in a related case, "Austin Works, et al v. Flowers Foods, Inc., et al", United States District Court for the Western District of Louisiana, Monroe Division, Civil Action No. 21cv3567, Judge Maurice Hicks granted a virtually identical motion for leave in an order attached hereto as Exhibit 1.

Respectfully submitted,

| | |
|---|---|
| /s/ Steven G. Durio | RYAN M. GOUDELOCKE (#30525) |
| STEVEN G. DURIO (#05230) | 130 South Audubon Blvd., Suite 105 |
| D. PATRICK KEATING (#14417) | Lafayette, LA  70503 |
| RANDY M. GUIDRY (#26909) | Phone:  (337) 345-1985 |
| LAUREN ASHLEY NOEL (#37243) | Fax:     (337) 233-9095 |
| **Durio, McGoffin, Stagg & Guidry** | Email: ryan@goudelocke.law |
| 220 Heymann Boulevard (70503) | |
| Post Office Box 51308 | THOMAS M. HAYES, IV (#28600) |
| Lafayette, LA   70505-1308 | **Hammonds, Sills, Adkins, Guice,** |
| Phone: (337) 233-0300 | **   Noah, & Perkins L.L.P.** |
| Fax:    (337) 233-0694 | 1881 Hudson Circle |
| Email:  durio@dmsfirm.com | Monroe, LA 71201-3537 |
| rick@dmsfirm.com | Phone:  (318) 387-2422 |
| randy@dmsfirm.com | Fax:     (318) 388-5809 |
| lauren@dmsfirm.com | Email:   thayes4@hamsil.com |

---

[7] *Id*, at PLTFS 3223.
[8] See Opp. Memo [Rec. Doc. 41], pp. 3 to 14 where this argument is set forth in detail using regulatory terms and distinctions which specifically apply under the Motor Carrier Act to define interstate transportation and distinguish it from intrastate distribution by drivers such as deliverymen.

3

| | |
|---|---|
| TRAVIS J. BROUSSARD (#33036)<br>130 South Audubon Boulevard, Suite 109<br>Post Office Box 82238<br>Lafayette, LA 70598-2238<br>Phone: (337) 316-8135<br>Fax:    (337) 233-9095<br>Email: travis.broussard@live.com | ATTORNEYS FOR PLAINTIFFS |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiffs' **REPLY TO RESPONSE [53] TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS [45]** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a notice of electronic filing to counsel as indicated by the Court.

Lafayette, Louisiana, this 11th day of May, 2023.

                                /s/ Steven G. Durio
                                STEVEN G. DURIO